TIMOTHY D. BARROW, ESQ.
148 Main Street, Suite 3
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
ASPEN AMERICAN INSURANCE  COMPANY, :   *Document Electronically Filed*
COMPANY,
                                                                              CIVIL ACTION
                    Plaintiff,                   :
                                                        :
       v.
                                                                  **COMPLAINT**
UNITED AIRLINES, INC.,

                                                        :
                Defendant.
_____        :

The Plaintiff herein, by its attorney, Timothy D. Barrow, complaining of the above Defendant, alleges upon information and belief as follows:

### THE  PARTIES

1. At and during all times hereinafter mentioned, Plaintiff  ASPEN AMERICAN INSURANCE COMPANY, is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Texas with its principal office and place of business at 590 Madison Avenue, New York, New York 10022.

2. At and during all times hereinafter mentioned, Defendant UNITED AIRLINES, INC. was and is a corporation organized and existing under and by virtue of the laws of the State of Delaware and does business in New Jersey with a principal business address at Terminal C, Newark Liberty International Airport, Newark, New Jersey 07114 and also has a designated

corporate agent, The Corporation Trust Company, located at 820 Bear Tavern Road, West Trenton, New Jersey 08628.

3. Plaintiff ASPEN AMERICAN INSURANCE COMPANY is the subrogee of its insured Cheezwhse.com doing business as World's Best Cheeses [hereinafter referred to as "WBC"], consignee and owner of specific cargos that are the subject of this action.

4. Plaintiff is entitled to bring and maintain this action as the subrogated insurer of the subject cargos in suit and does so for and on behalf of the shipper, consignee, and/or owner of the subject cargo as their interests may appear.

5. Defendant UNITED AIRLINES, INC. is an international air carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

## JURISDICTION AND VENUE

6. The exercise of jurisdiction by this Court over Plaintiff's claims is proper under 28 U.S.C. § 1331 (federal question) as Plaintiff's causes of action arise under a treaty of the United States, specifically the Convention for the Unification of Certain Rules for International Carriage (Montreal Convention 1999) which the United States' date of entry into force was November 4, 2003 as hereinafter more fully appears. Also, the Court may also exercise jurisdiction over the matters herein under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue of is proper and appropriate for this action pursuant to 28 U.S.C.§§ 1391(b) and 1391 (c) as the said Defendant is subject to personal jurisdiction in this District at the time of commencement of suit and a substantial part of the events or omissions giving rise to the subject claims herein occurred in this District. Also, the Montreal Convention Article 33 provides for the commencement of actions at the place of destination of the subject air carriage which is Newark, New Jersey.

## **THE FACTS**

8. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 7 of the within Complaint in their entirety, as if set forth herein at length.

9. On or about July 22, 2016, a shipment that consisted of 246 pieces of perishable various cheeses under refrigeration were received, in good order and condition, for transport between Rome, Italy to Newark for delivery pursuant to United Airlines Air Waybill 016 06289183 or other receipt issued by or on behalf of Defendant for consideration of certain prepaid freight or freight to be paid, and said Defendant otherwise exercised care, custody and/or control of said cargo.

10. Having encountered departure delays in Italy, the subject cargo was delivered on or about July 28, 2016 at its final destination in Newark, New Jersey by said Defendant with damage and/or was otherwise delivered in an unsound condition.
.

11. Placed with the subject shipment at the time of loading in Italy on or before July 21, 2016 was a temperature recorder to monitor and record the refrigerated conditions (or lack thereof) of the shipment during transit to receipt here in the U.S.

12. The temperature recorder readout of temperatures indicate high out-of range temperatures were recorded during the times the cargo was awaiting transit, during transit and/or before delivery at destination resulting in the certain subject cheese sustaining substantial temperature abuse while in the care, custody and control of Defendant and/or its agents, servants and/or subcontractors.

13. Plaintiff and its insured have duly performed all duties and obligations on their part to be performed.

## PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANT

### COUNT I – BREACH OF CONTRACT

14. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 13 of the within Complaint in their entirety as if set forth herein at length.

15. Defendant's failure to receive, secure, store, handle, monitor, transport and/or deliver the subject cargos to consignee and cargo owner in the same good order and condition as received was caused by the said Defendant and/or its sub-contractors', agents', and/or servants' breaches of contract owed to the consignee and/or owner of said cargos as an international air carrier of same that resulted from their conduct or omissions to properly receive, secure, store, monitor, transport, deliver and/or care for the subject cargo.

16. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $13,970.87.

### COUNT II – NEGLIGENCE

17. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 13 of the within Complaint in their entirety as if set forth herein at length.

18. As an international air carrier, Defendant and its sub-contractors, agents, and/or servants owed duties of care to the consignee and/or cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including storage, receiving, securing, monitoring, transport and/or delivery.

19. The failure to receive, store, secure, monitor transport and deliver the subject cargos in the same good order and condition as received is a breach of each Defendant's duties

and obligations of care as an international air carrier and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

20. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $13,970.87.

## COUNT III – BREACH OF BAILMENT

21. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 13 of the within Complaint in their entirety as if set forth herein at length.

22. Defendant and/or their authorized representatives took possession and exercised care, custody and control of the subject cargos at time of their receipt and thereafter which constituted a bailment of same.

23. Defendant's failure to store, secure, monitor, transport and deliver the entrusted subject cargos in the same good order and condition and return possession, care, custody and/or control of said cargos to their owners/bailors in the same good order and condition constituted a breach of bailment and was a violation of its duties and obligations as bailee.

24. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $13,970.87.

## COUNT IV – BREACH OF WARRANTY

25. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 13 of the within Complaint in their entirety as if set forth herein at length.

26. Defendant's failure to receive, store, handle, examine, monitor, transport and/or deliver the subject cargos to consignee, cargo owner WBC in the same good order and condition as received was caused by the said Defendant and/or its sub-contractors', agents', and/or servants' breaches of warranty of workman-like service and/or performance owed to the consignee and/or owner of said cargos as international air carrier of same that resulted from their conduct or omissions to properly receive, store, secure, examine, monitor, deliver, transport and/or care for the subject cargo.

27. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $13,970.87.

## COUNT V – GROSS NEGLIGENCE

28. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 13, and 18 of the within Complaint in their entirety as if set forth herein at length.

29. The abject failure to receive, handle, secure, store, monitor, transport and deliver the entrusted subject cargos and to return possession, care, custody and/or control of said cargos in the same good order, quantity and condition as received is a breach of Defendant's duties and obligations of care as an international air carrier of known perishable cargos of various cheeses requiring competent handling, proper securing and monitoring of temperatures ambient air or otherwise, and/or of continuous refrigeration, excepting brief periods of time that may reasonably occur, of the subject cargo to be delivered by Defendant and/or its agents, servants and/or sub-contractors constitutes gross negligence and was the proximate cause of the loss and damage sustained by Plaintiff.

30. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of

$13,970.87.

WHEREFORE, Plaintiff demands:

1. That process in due form of law according to the practice of this Court may issue against said Defendant.

2. That a decree of judgment may be entered in favor of Plaintiff and against Defendant for the minimum amount of Plaintiff's damages of $13,970.87 or such other damages to be established at trial, together with interest, costs, and reasonable attorney's fees.

3. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

Dated:  July 25, 2018
        Lebanon, New Jersey

                                                  __s/ Timothy D. Barrow
                                                  Timothy D. Barrow
                                                  Attorney for Plaintiff